QUESTION: May a circuit court judge hospitalize a patient involuntarily in a private psychiatric facility which is not under contract with the State of Florida as a "treatment" facility in a situation where the patient is well able to personally afford and desires such private treatment?
SUMMARY: A circuit court judge may order a patient involuntarily hospitalized at a private psychiatric facility not under contract with the State of Florida pursuant to ss. 394.451- 394.478, F.S., provided the patient meets the statutory criteria for involuntary hospitalization, the facility has been approved by the Department of Health and Rehabilitative Services, and the cost of treatment is to be borne by the patient, if he is competent, or by his guardian if the patient is incompetent. When state funds are to be expended for involuntary hospitalization of a patient in a private psychiatric facility, such facility must be under a contract with the state. The expressed intent of the legislature in enacting Part I of Ch. 394, F.S. (commonly referred to as the "Baker Act"), regarding involuntary hospitalization was to insure that involuntary hospitalization is provided only when expert evaluation determines that it is necessary. Section 8, Ch. 73-133, Laws of Florida [s. 394.467], establishes the criteria for involuntary hospitalization: (1) CRITERIA. — A person may be involuntarily hospitalized if he is mentally ill and because of his illness is: (a) Likely to injure himself or others if allowed to remain at liberty, or (b) In need of care or treatment and lacks sufficient capacity to make a responsible application on his own behalf. In order for a patient to be hospitalized involuntarily there must exist the probability of injury to himself or others resulting from his mental illness, or the patient must lack sufficient capacity to seek care or treatment on his own behalf. Before a patient can be involuntarily hospitalized in a treatment center, notice and a hearing must be provided. Section 8, Ch. 73- 133, Laws of Florida [394.467(2), F.S.]. Although the hearing may be waived in writing by the patient, the recommendation for involuntary hospitalization must be supported by the opinions of two physicians who have personally examined the patient within the preceding five days stating that the criteria for involuntary hospitalization are met. To the extent that the patient referred to in your letter meets the statutory requirements for involuntary hospitalization, such patient may be involuntarily hospitalized under s. 8, Chapter 73-133. Under the amended s. 394.455, F.S., jurisdiction for adjudication under the "Baker Act" lies with the judge of the circuit court. Section 1, Ch. 73-133, Laws of Florida, states: (21) "Court," unless otherwise specified, means the circuit court. (22) "Judge," unless otherwise specified, means the judge of the circuit court, or the judge designated to act under this act by the chief judge of a circuit. An analysis of the above language indicates the legislative determination that those adjudicatory powers formerly held by judges of the county courts would be transferred to the judges of the circuit courts. Thus, circuit court judges now have the same power of commitment as formerly held by the county court judges. If a circuit court judge concludes that a patient meets the criteria for involuntary hospitalization, as defined above, the court can order the patient to be transferred to a treatment facility or, if the patient is located at a treatment facility, that the patient be retained there, or that the patient receive treatment at any other appropriate facility or service on an involuntary basis. Section 8, Ch. 73-133, Laws of Florida. Section 1, Ch. 73-133, Laws of Florida, has amended s. 394.455, F.S., to read: (13) "Treatment facility" means a state-owned stateoperated, or state-supported hospital, center, or clinic designated by the department for the treatment and hospitalization of persons who are mentally ill, including facilities of the United States Government, and also means a private facility when rendering services to a private patient pursuant to the provisions of this act. (Emphasis supplied.) The change in the above statutory language provides that private facilities which render services to private patients pursuant to the "Baker Act" may be designated as treatment facilities. Section 2, Ch. 73-133, Laws of Florida [s. 394.457(9), F.S.], further provides: (9) DESIGNATION OF APPROVED PRIVATE PSYCHIATRIC FACILITIES. — Private psychiatric facilities may be approved by the department to provide emergency admission, court order evaluation, and treatment on an involuntary basis. Such facilities are authorized to act in the same capacity as receiving and treatment facilities and are subject to all the provisions of this part, except that patients shall have the right to a hearing for continued involuntary hospitalization every sixty days according to established hearing procedures set forth herein. Based on the above statutory enactment, once a private psychiatric facility has been approved by the Department of Health and Rehabilitative Services, it has the same authority and capacity as other facilities to receive and treat patients. Because a private hospital may be designated as a treatment facility, a patient may be involuntarily hospitalized at such facility that has been approved by the Department of Health and Rehabilitative Services. Since s. 2, Ch. 73-133, Laws of Florida [s. 394.457(9), F.S.], provides for the designation of private facilities to receive and treat patients subject to all provisions of Ch. 394, F.S., except hearings for continued hospitalization, and since no provision was enacted for the payment of cost for those patients involuntarily hospitalized in a private facility, it must necessarily be assumed that the legislature intended that patients committed (involuntarily) for hospitalization in a private hospital would bear the cost of such hospitalization.
Therefore, I conclude that in those cases in which no state funds are being expended and the patient, if he is competent, or his guardian, if the patient is incompetent, is desirous of obtaining treatment at a private psychiatric facility, a circuit judge may order such patient for involuntary hospitalization provided the patient meets the standards for such hospitalization and the facility has been approved by the Department of Health and Rehabilitative Services. It should be clearly understood that any financial arrangement between the patient or his or her guardian and the private facility is contractual between those parties only and the state is not a party thereto. A different conclusion is reached in those instances where a patient is involuntarily committed to a private-treatment facility in lieu of a state treatment facility. Chapter 71-131, Laws of Florida [s.394.457(7), F.S.], provides that those patients having ability to pay will reimburse the state for the cost of treatment received. This statute also provides that fees for patients shall be based on a fee schedule prepared and published by the Department of Health and Rehabilitative Services. Further, authority to contract with public and private hospitals has been granted to the Department of Health and Rehabilitative Services. Thus, when a patient is ordered involuntarily hospitalized in a private facility for which state funds are to be expended, such facility must be under contract with the state in order that the cost of treatment can be regulated and the state can be reimbursed for the cost of treatment received, based on the ability to pay. Otherwise, the state may be subjected to large fees for treatment, without any recourse to recover the amount expended from a solvent patient with the ability to pay.